**ROBERT G. BENDALL, et al, Appellants,**

**v.**

**SAMOA AVIATION, INC., d/b/a SAMOA AIR, et al, Appellee.**

High Court of American Samoa
Appellate Division

AP No. 18-95

April 14, 1997

Before KRUSE, Chief Justice, GOODWIN,* Acting Associate Justice, WALLACE,** Acting Associate Justice, SAGAPOLUTELE, Associate Judge, and MAILO, Associate Judge.

---

* Honorable Alfred T. Goodwin, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior

Counsel: For Appellants, Togiola T.A. Tulafono
For Appellee, Marshall Ashley

OPINION AND ORDER

## Introduction

In 1988, Samoa Aviation, Inc., ("Samoa Air") entered into certain lease purchase agreements with Robert G. Bendall and Pace Aviation, and PAL Air, Inc., (collectively, "Bendall") for certain airplanes, engines, equipment, and spare parts (collectively, "aircraft"). In 1995, a dispute arose over compliance with the agreements and the parties sued each other. The trial court consolidated Civil Action Nos. 50-95 and 70-95 and issued a preliminary injunction enjoining Bendall from interfering with Samoa Air's possession, enjoyment and use of the aircraft.

While these matters were pending, the Federal Aviation Administration ("FAA") threatened to withdraw the aircraft's registration unless (a) the FAA received flight information necessary for renewing registration renewal under the name of a Canadian citizen (Robert G. Bendall), or (b) a United States citizen registered the aircraft. Samoa Air filed a motion with the Trial Division to appoint a United States citizen as trustee for the aircraft, so that the aircraft could qualify for FAA registration without submitting the flight information.[1]

On September 7, 1995, the trial court judge granted Samoa Air's motion and appointed Samoa Air's counsel, Marshall Ashley, a United States Citizen, as trustee for both parties "solely for the purposes of holding title to the aircraft." The court further stated that "[t]itle to such aircraft is hereby transferred to the Trustee . . . . Possession and operation of the aircraft shall remain with [Samoa Air]."

## Discussion

Bendall challenges the Trial Division's actions in three respects. First, Bendall argues that the Trial Division of the High Court of American Samoa has no authority to appoint a trustee and to transfer title of the

---

[**] Honorable J. Clifford Wallace, Senior Circuit Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

[1] Since Robert Bendall was a Canadian citizen, the FAA would not register the aircraft in his name until it received proof that the aircraft flew 60% of its flights within the jurisdiction of the United States. Samoa Air could not so proffer.

17

aircraft to that trustee. Second, Bendall claims that even if the Trial Division has such authority, the Trial Division committed reversible error in appointing Marshall Ashley, counsel for Samoa Air, as trustee to hold title to the aircraft and to register the aircraft with the FAA. Finally, Bendall argues that permitting the trustee to register the plane in his own name violated federal laws and regulations.

## Court's Inherent Powers

■ Bendall argues that the court has no power to create a trust, to transfer property to the trust, and to appoint a trustee to take care of trust property for the best interest of the beneficiaries. However, a court has the inherent power to do what is reasonably necessary for the proper administration of justice. *Matter of Alamance County Court Facilities*, 405 S.E.2d 125, 129 (N.C. 1991). This power is not expressly granted to, nor withheld from courts by the American Samoa Revised Constitution of 1967 or the Department of Interior, but "must nonetheless be conceded to the judiciary as a separate department of government because [its] exercise is deemed absolutely essential for the performance of the court's constitutionally mandated mission." *Winters v. City of Oklahoma City*, 740 P.2d 724, 728 n.1 (Okla. 1987) (concurring and dissenting opinion of Opala, J.).

In the instant case, the Trial Division held that justice required maintaining the status quo during the pendency of the trial, enjoining Bendall from interfering with Samoa Air's use of the aircraft in its commercial airline operations, and preserving Samoa Air's ability to provide uninterrupted inter-island transportation for the people of American Samoa. When the FAA threatened to ground the aircraft if they were not registered according to federal law, the court recognized that the aircraft's registration could not be renewed under the name of Robert Bendall. Thus, to promote a just result and the continuation of the status quo, the court took dramatic yet focused action by creating a trust, appointing a trustee, ordering registration in the trustee's name, and narrowly circumscribing the trust's duration and the trustee's powers. This action was within the court's inherent power.

■ Furthermore, the Trial Division did not "divest" Pace Aviation of "legal and ownership title and rights to the aircrafts," as Bendall suggests, because Bendall has yet to prove that he is the lawful owner of the aircraft at trial. The court has temporarily transferred title to the aircraft to the trustee for the benefit of the aircraft's true owner, whom a trial on the merits shall determine. If a trial on the merits determines that Bendall is, as he claims, the true owner of the aircraft, then the court shall transfer the aircraft from the trust to him at the end of the trial and the registration may be modified at that time.

18

## Propriety of Appointing Samoa Air's Counsel as Trustee.

Bendall argues that appointing "counsel for an interested party to a dispute as a 'trustee' would fail to pass muster in any review." Because counsel cites no legal principles or authority for this proposition, and because Mr. Ashley has no powers beyond those that the court deems necessary to give him, we reject Bendall's argument.

The decision and order of the Trial Division is AFFIRMED.